IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ROBERT J. NAGY, | ) | |
| | ) | No. 2:08-cv-2555-DCN |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| YURI DEBEVC, | ) | |
| | ) | No. 2:08-cv-2755-DCN |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff Nagy's motions in limine to exclude the testimony of Roger Siefert and Paul Pfleiderer and defendant's motions in limine to exclude evidence of the IRS's section 6700 administrative investigation and income tax audits of Derivium and Scott Cathcart and to exclude the IRS "no change" letters. At the June 8, 2010 hearing on these matters, the parties informed the court they had reached an agreement concerning the Siefert motion, so that motion is now **MOOT**.

Regarding the remaining motions, the court rules as follows: plaintiff Nagy's motion to exclude the testimony of Paul Pfleiderer is **DENIED**. Defendant's motion to exclude evidence of the IRS's administrative investigation and income tax audits of Derivium and Scott Cathcart is **GRANTED** in part and **DENIED** in part. The motion is

1

granted as to evidence of the IRS's section 6700 administrative investigation that was never communicated to Nagy or Debevc, including evidence of the IRS's conduct, deliberations, and discussions. The motion is denied as to income tax audit evidence that either plaintiff can establish he communicated to the IRS or was communicated to him by the IRS. Defendant's motion to exclude the IRS "no change" letters is **DENIED**; however, the court will instruct the jury on the legal definition of "no change" letters.[1] The court reserves the right to supplement this order to explain its reasoning at a later date.

    **AND IT IS SO ORDERED**.

    _____
    **DAVID C. NORTON**
    **CHIEF UNITED STATES DISTRICT JUDGE**

**June 9, 2010**
**Charleston, South Carolina**

---

[1] This order should not be interpreted to allow any of plaintiff Nagy's experts to give his own version of the definition or effect of a "no change" letter. These issues will still have to be addressed at trial.